IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Roberto Trujillo, | |
| Plaintiff, | Case No. 13-cv-08541 |
| v. | Judge Jeffrey T. Gilbert |
| American Bar Association et al, | |
| Defendant(s). | |

## ORDER

Defendants' Second Motion to Compel Discovery Responses [55] is granted in large part and denied in some part. Status hearing set for November 25, 2014, at 10:30 a.m. for a report on the parties' progress with discovery. See Statement below for further details.

## STATEMENT

Defendants have moved to compel Plaintiff to respond to their interrogatories and requests for production of documents. The Court has reviewed Defendants' Motion [55], Plaintiff's Response [58], Defendants' interrogatories and requests for production, and Plaintiff's responses and objections thereto [55-1, 55-2]. The Court's ruling is as follows:

1. Plaintiff objects that Defendants have served more than the 25 interrogatories permitted by Rule 33(a) of the Federal Rules of Civil Procedure and he, therefore, has refused to answer any of the interrogatories. Defendants served a total of 24 numbered interrogatories. Plaintiff objects that there are more than 25 interrogatories counting purportedly "discrete" sub-parts. In the Court's view, Defendants' interrogatories are proper and do not exceed the scope permitted by Rule 33. The sub-parts included within some of the interrogatories relate closely to the subject matter of the interrogatory. They are intended to advise Plaintiff of the kind of information Defendants are seeking in answer to those interrogatories. Plaintiff's objection that Defendants have exceeded the 25-interrogatory limit in Rule 33(a), therefore, is not well-taken and is overruled. He must answer the interrogatories to the extent he can do so subject to the following limitations:

   (a) Plaintiff is not required to disclose communications that are legitimately protected by an attorney-client privilege with his former counsel.

   (b) Unless Plaintiff is seeking only what are referred to in the case law as "garden variety" emotional distress damages (see generally Saket v. American Airlines, Inc., 2003 WL 685385 (N.D. Il. 2003), and cases cited therein; Santelli v. Electro-Motive, 188 F.R.D. 306, 309 (N.D. Ill. 1999)), he must answer Interrogatory No. 20 requesting names of treating physicians and health care providers, and provide Defendants with signed forms authorizing disclosure of his medical records.

(c) Plaintiff should do his best to respond substantively to Defendants' contention interrogatories (see, e.g., Interrogatory Nos. 2(c), and 5 through 17), though both parties should recognize that, at some point, a deposition is a more effective way to obtain a narrative, substantive response than is an interrogatory. But the Court does not view the interrogatories as improper because they seek specific detail in support of Plaintiff's claims.

2. Plaintiff asserts essentially the same objections to almost all of Defendants' requests for production and, as he did in responding to Defendants' interrogatories, he has refused to produce any documents in response to Defendants' requests for production. Here, too, Plaintiff's objections are, for the most part, not well-taken and are overruled except as noted below:

(a) Plaintiff is not required to produce document that would disclose communications that are legitimately protected by an attorney-client privilege with his former counsel. To the extent Plaintiff withholds from production any privileged documents, however, he must produce a privilege log.

(b) Plaintiff objects to Defendants' definition of the term "communication" as used in their requests for production. Defendants' definition of the term "communication" is not vague, ambiguous or unduly burdensome as Plaintiff contends. In certain circumstances, communications commonly include "physical communications, physical contact, facial or body expressions or gestures." If Plaintiff contends that information was communicated to or by him in this way, it is a fair subject of discovery. Accordingly, Plaintiff's objection to the definition of "communication" is overruled.

(c) Plaintiff objects to producing documents that already are in Defendants' possession. That is not a proper objection. Defendants are entitled to obtain documents from Plaintiff even if Defendants already have those documents because Defendants may want to establish, among other things, authenticity, completeness, foundation for admission of the documents into evidence that Plaintiff was, in fact, in possession of those documents, and for a number of other proper reasons. Accordingly, this objection is overruled. Plaintiff is required to produce responsive, non-privileged documents in his possession, custody and control even if he thinks Defendants already have those documents.

(d) Plaintiff objects to most of Defendants' requests for production as "vague, ambiguous, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence." With the few exceptions noted below, that objection is overruled:

(i) Request Nos. 24 through 29 relate to experts. Plaintiff need not respond to these Requests at this time. The District Judge deferred setting expert discovery dates on June 11, 2014 [49] and oral discovery has been stayed pending a ruling on Defendants' Motion to Dismiss [27]. Accordingly, these Requests will be held in abeyance until such time as the parties and the Court address expert discovery issues.

(ii) Request No. 36 will be limited to felony convictions, if any, during the past 10 years. See Federal Rule of Evidence 609.

(iii) Plaintiff need not respond to Request No. 37 seeking documents relating to Plaintiff's involvement in any other legal proceedings unless and until Defendants establish that information is relevant to a claim or defense in this case or reasonably calculated to lead to the discovery of admissible evidence, and that production of such documents is not unduly burdensome.

(iv) At first blush, Defendants' request for a printout of Plaintiff's complete profile on Facebook (Request No. 42) appears to be overbroad. The Request is not limited to material that relates to Plaintiff's employment with the ABA, the allegations in his Complaint, or the damages he claims he suffered, as is Request No. 43 pertaining to other social media sites. Accordingly, without more of an explanation from Defendants to support Request No. 42, Plaintiff need not respond to it unless and until Defendants establish that information is relevant to a claim or defense in this case or reasonably calculated to lead to the discovery of admissible evidence, and that production of such documents is not unduly burdensome.

(v) At this juncture, Request No. 44 asking for all documents that Plaintiff will seek to admit into evidence in this case is premature, and Plaintiff need not produce any such documents.

3. Plaintiff's objection that Defendants have not complied with Local Rule 37.2 is overruled. Plaintiff completely refused to provide substantive responses to Defendants' written discovery. His objections are, for the most part, improper. The only way for Defendants to break the impasse on discovery was to bring the issue to the attention of the Court in the manner they have done. In the Court's view, no amount of discussion would have obviated the need for this Motion to Compel.

4. Plaintiff's request for attorneys' fees is denied. The Court granted in large part Defendants' Motion to Compel. The Court also exercises its discretion not to award Defendant its fees even though Defendant largely was successful on its Motion to Compel. Fed.R.Civ.P. 37(a)(5)(A)(iii). Plaintiff, though he is an attorney, is unrepresented by counsel in this case. It is not clear whether Plaintiff ever practiced law or, if he did, whether he litigated or tried cases in federal court. The Court is optimistic that the tenor of this Order will set the stage for more productive intercourse between the parties in the future with respect to discovery. If discovery disputes continue in the future, and the Court determines that an award of attorneys' fees is necessary to avoid abuse by one party or the other, it will not hesitate to enter such an order.

5. Finally, Plaintiff requests that the "Court advise the Defendants that further discussions should be done in a professional manner and that the Plaintiff's Pro Se status is not a rationale for treating Plaintiff in a lesser manner." Plaintiff's Response [Dkt.58] at 5. The Court has seen no evidence that Defendants or their counsel are treating Plaintiff in a less than professional manner. To the extent Plaintiff believes that Defendants should have given more credence to his objections to their written discovery requests, he is mistaken. The Court, of course, expects Plaintiff and Defendants' counsel to treat each other with respect and in a civil manner as this litigation proceeds.

6. Plaintiff shall respond to Defendants' interrogatories and request for production within twenty-one (21) days of the date of this Order.

It is so ordered.

Date:  10/24/2014

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge Jeffrey T. Gilbert

Rev. 10/2013