IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERTO TRUJILLO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN BAR ASSOCIATION and )<br>JOHN KRSUL, JR., )<br>)<br>Defendants. ) | Case No. 13-cv-8541<br><br>Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' motion [93] to dismiss Plaintiff's ERISA claim [89]. The Court had previously dismissed two of Plaintiff's complaints without prejudice. See [69], [86]. For the reasons set forth below, Defendants' motion to dismiss Plaintiff's ERISA claim [93] is granted with prejudice. Plaintiff's state law claim for tortious interference is dismissed without prejudice, allowing Plaintiff to file that claim in state court pursuant to 735 ILCS 5/13-217.

**I.     Background[1]**

*Pro se* Plaintiff Robert Trujillo ("Plaintiff") filed his initial complaint against Defendants the American Bar Association ("ABA") and John Krsul in December 2013. In that complaint, Plaintiff sought "equitable monetary relief" under ERISA against both Defendants based on his wrongful termination from his position at the ABA. [7], Compl. ¶ 22(B). Plaintiff also sought compensatory and punitive damages for Krsul's alleged tortious interference with Plaintiff's employment relationship with the ABA. *Id.* at ¶ 22(D).  The Court dismissed Plaintiff's

---

[1] The Court accepts as true the facts alleged in Plaintiff's amended complaint and makes all reasonable inferences in his favor. See *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012).

1

ERISA claim without prejudice because Plaintiff was not seeking "appropriate equitable relief" required under § 1132(a)(3). [69] at 9–10. Plaintiff did not sufficiently allege that the money he sought was equitable; rather, he only sought compensatory damages. *Id.* After dismissing Plaintiff's only federal claim, the Court declined to exercise supplemental jurisdiction over the state law tortious interference claim. *Id.* at 10–11.

Plaintiff then filed an amended complaint [73]. Plaintiff continued to seek compensatory damages. The Court found yet again that Plaintiff had failed to establish that the relief he sought was equitable. The Court highlighted the difference between equitable relief and compensatory damages, which fit "the classic form of legal relief" and consequently are unavailable under 29 U.S.C. § 1132(a)(3). *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993). Plaintiff also brought a tortious interference claim, which the Court held to be colorable and sufficient to state a claim. Plaintiff has since filed a second amended complaint.

The Court set forth the alleged facts in detail in its previous two memorandum opinions and those allegations remain unchanged. Defendant ABA sponsors an employee pension plan ("the Plan") that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). This made the ABA a fiduciary to the Plan. *Id.* Defendant John Krsul, who is an ABA member but not an ABA employee, chaired the A-E-F-C Pension Plan Administrative Committee ("Committee"). The Committee is the named fiduciary of the Plan; as chair of the Committee, Krsul also qualifies as a fiduciary of the Plan.

Plaintiff Robert Trujillo was hired by the ABA in June 2010 to serve as a program director in its Human Resources Department. In May 2011, the Committee appointed Plaintiff to serve as Administrator of the Plan; this made Plaintiff a fiduciary of the Plan. This role was distinct from and in addition to Plaintiff's role as HR program director.

As Plan Administrator, Plaintiff alerted the ABA and Krsul to problems the Plan's record keeping and to overpayments and miscalculations of participant benefits. Plaintiff alleges that once he brought this to the attention of the Defendants, an organized campaign commenced intended to remove him from his job. Krsul emailed the ABA's Chief Financial Officer to ask "whether there was anything going on with the Plaintiff professionally that he should be aware of as the Committee Chair." Krsul proposed the outsourcing of the administration of the Plan, including Plaintiff's role as Plan Administrator. Plaintiff was subsequently removed from his role as Plan Administrator. Following his removal, Plaintiff was demoted and finally terminated by the ABA in June 2013 from his job in the ABA's HR department.

In this second amended complaint, Plaintiff brings two claims: (1) the first claim, pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), alleges retaliation and discharge of Plaintiff as Plan Administrator; and (2) the second is an Illinois tortious interference claim against Defendant Krsul. See [89] at 2. Plaintiff asks the Court for the following relief: (a) reinstatement to his role as Plan Administrator; (b) all applicable Plan Administrator compensation owed plus interest from the date of Plaintiff's removal; (c) whatever equitable relief the Court deems proper should the Defendants refuse to reinstate Plaintiff; (d) monetary compensation for Defendant Krsul's tortious interference with Plaintiff's employment with Defendant ABA; (e) costs pursuant to 29 U.S.C. § 1132(g); and (f) any other relief the Court deems proper. See *id.* at 17.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * *

3

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

**III. Analysis**

ERISA limits the types of relief available to a potential plaintiff. In its previous opinion [86], the Court made clear that Plaintiff would be unable to seek compensatory damages, as they were unavailable under § 1132(a)(3). Section 1132(a)(3) "authorizes only a limited range of remedies, raising a threshold question as to whether the relief [Plaintiff] demands is authorized." *Mondry v. American Family Mut. Ins. Co.*, 557 F.3d 781, 804 (7th Cir. 2009). Specifically, the statute provides that a fiduciary may bring a civil action:

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

29 U.S.C. § 1132(a)(3).

4

As Plaintiff is not seeking an injunction, his requested relief must qualify as "other appropriate equitable relief." Monetary relief is allowed under § 1132(a)(3) only "if it falls within the scope of the 'other appropriate equitable relief' authorized by the statute." *Mondry*, 557 F.3d at 804. "Other appropriate equitable relief" refers to "those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993) (emphasis in original). As mentioned above, Plaintiff now asks the Court for the following relief: (a) reinstatement to his role as Plan Administrator; (b) all applicable Plan Administrator compensation owed plus interest from the date of Plaintiff's removal; (c) whatever equitable relief the Court deems proper should the Defendants refuse to reinstate Plaintiff; (d) monetary compensation for Defendant Krsul's tortious interference with Plaintiff's employment with Defendant ABA; (e) costs pursuant to 29 U.S.C. § 1132(g); and (f) any other relief the Court deems proper. See [89] at 17.

The Court did invite Plaintiff to modify his requested relief, noting that a request for reinstatement "may qualify as equitable relief." [86] at 9, n.4. It is possible that, in the context of an ERISA claim, "[t]he remedy of reinstatement is essentially injunctive relief," and therefore qualifies as equitable relief. *Id.* (citing *Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1255, n.8 (10th Cir. 2004)). Presumably pursuant to this instruction, Plaintiff brings his amended complaint. Where ERISA is unclear, "when dealing with ambiguous anti-retaliation provisions, we are supposed to resolve the ambiguity in favor of protecting employees." *George v. Junior Achievement of Cent. Indiana, Inc.*, 694 F.3d 812, 814 (7th Cir. 2012).

Much of the case law stemming from ERISA suits results in efforts to clarify who is entitled to relief and what sort of relief they can request. In its previous two opinions, this Court

5

took issue with the types of relief Plaintiff requested. However, as Defendants point out Plaintiff is, at most, a *former* fiduciary of the A-E-F-C Plain and therefore lacks standing to bring suit under Section 502(a)(3) of ERISA.

On its face, ERISA permits only current fiduciaries to bring suit under the statute. See 29 U.S.C.A. § 1002(14) (defining fiduciary in present tense). Not surprisingly, federal courts have interpreted this statutory definition as denying former fiduciaries standing to bring a suit under ERISA. See, *e.g.*, *Corbin v. Blankenburg*, 39 F.3d 650, 652-53 (6th Cir. 1994) (stating that if the plaintiff is not a plan fiduciary when the lawsuit is originally filed, "he would have no authority to bring the action under ERISA in the first place" and in such cases "the absence of subject matter jurisdiction [cannot be] cured by substituting an authorized plaintiff for the unauthorized plaintiff"); *Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 14–15 (2d Cir. 1991) (affirming dismissal of ERISA claim for lack of standing because "[t]here is no indication of any legislative intent to grant a former fiduciary a continuing right to sue on behalf of the plan"); *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 905 (N.D. Ohio 2003) (denying motion to amend as futile because "Section 1132(a) specifies those who may bring actions under ERISA * * * * A former fiduciary is not one of the listed parties. Thus, a former fiduciary has no right to sue on behalf of the plan to recover for the plan's losses."). Judges in this district have come to the same conclusion. See, *e.g.*, *Ossey v. Mardola*, 1997 WL 223070, at *2 (N.D. Ill. Apr. 28, 1997) (concluding that a former fiduciary "has no standing to sue anyone for anything under ERISA"); *Roncone v. Ligurotis*, 1993 WL 321737, at *3 (N.D. Ill. Aug. 20, 1993) (motion to dismiss granted with prejudice because "once [the plaintiff] was removed as trustee and stripped of any arguable fiduciary relationship with [the plan], he no longer has standing under ERISA to seek judicial redress as a fiduciary" because "[a] former

6

fiduciary/trustee simply lacks standing to pursue an action for violations which may have occurred under ERISA.")

Plaintiff admits in his complaint that he is no longer administering the A-E-F-C plan. See [89] at ¶¶ 26-27. Indeed, Plaintiff's ERISA claim is based on his removal by Defendants from his role administering the plan. Yet, even in a case where a former fiduciary squarely challenged that he was removed from his position in order to *prevent* him from bringing suit, which Plaintiff does not allege here, the Eighth Circuit still concluded that the plaintiff no longer had an interest in protecting the plan and therefore lacked standing. *Blackmar v. Lichtenstein*, 603 F.2d 1306, 1310 (8th Cir. 1979); see also *Chemung Canal Trust*, 939 F.2d at 15 ("The crux of the [E]ighth [C]ircuit's holding [in *Blackmar*] was that a former fiduciary no longer has an interest in protecting a plan to which it is now a complete stranger.") Accordingly, Plaintiff cannot bring an ERISA Section 510 claim because, on the face of his second amended complaint, he is a former fiduciary, not a current one.

Even if ERISA allowed former fiduciaries to bring suit, Plaintiff would still need to bring a lawsuit "for the exclusive purpose of" providing benefits to participants and beneficiaries and maintain the financial health of the plan. 29 U.S.C. § 1104(a)(1)(A). The Seventh Circuit has repeatedly reasoned that this statutory language means that a fiduciary must always, including in the act of bringing lawsuits, act with "complete and undivided loyalty to the beneficiaries of the trust." *Leigh v. Engle*, 727 F.2d 113, 123 (7th Cir. 1984); see also *Alton Memorial Hosp. v. Met Life Ins. Co.*, 656 F.2d 245, 249 (7th Cir. 1981). Here, Plaintiff appears to be bringing this lawsuit solely in his own interests as a former employee—there is nothing in the complaint that suggests he is bringing the suit in the interest of the participants and beneficiaries of the A-E-F-C plan.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's ERISA claim [93] is granted with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. That state law claim for tortious interference is dismissed without prejudice, allowing Plaintiff to file that claim in state court pursuant to 735 ILCS 5/13-217.[2]

Date: September 7, 2016

Robert M. Dow, Jr.
United States District Judge

---

[2] As the Court noted in its earlier opinion, see [69], the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim against Defendant Krsul. See 28 U.S.C. § 1367. Animated by the principle of comity, the Seventh Circuit has stated consistently that "the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999). Under the Illinois Savings Statute, Plaintiff will have the opportunity to refile his state law claim in state court. See 735 ILCS 5/13-217 (giving plaintiffs the opportunity to refile a new action within one year of dismissal by a district court for lack of jurisdiction).